AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

FILED
DEC 15 2008
CLERK, U.S. DISTRICT C[...]
WESTERN DISTRICT OF T[...]
BY _____
DEPUTY CL[...]

WESTERN _____ DISTRICT OF _____ TEXAS

UNITED STATES OF AMERICA
V.

Luis NAVA, A/K/A Louis NAVA
4715 West Wadley Apartment 1505
Midland, Texas

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: MO:08-M-332(1)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or 12-13-2008 in Midland County, in the Western District of Texas defendant(s) did, (Track Statutory Language of Offense)

did knowingly and intentionally conspire to possess with the intent to distribute a mixture containing cocaine over 500 grams in violation of 21 U.S.C. 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. 924(c)

in violation of Title 21 United States Code, 846

I further state that I am a(n) DEA Special Agent and that this complaint is based on the following
Official Title

facts:
See Affidavit

Continued on the attached sheet and made a part      ☒ Yes   ☐ No

_____
Will Kimbell, Special Agent DEA   12/15/08
Signature of Complainant

Sworn to before me, and subscribed in my presence,

15 Dec 2008
Date

at Midland, Texas
City and State

L. Stuart Platt, U.S. Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial

# AFFIDAVIT

I, William F. Kimbell, make this statement under the penalties of perjury and say:

1. I, William F. Kimbell, am a Special Agent (SA) with the United States Drug Enforcement Administration (DEA), and have been so employed for approximately seven years. Prior to that I served approximately six years as a Police Officer in Maitland, Florida. During those six years, I served four as a Task Force Officer with the DEA in Orlando, Florida. My duties include the investigation of violations of federal criminal drug laws and the collection of evidence relating to such violations. I have had extensive experience and training in the investigation of narcotics trafficking crimes. During this time I have investigated numerous narcotics cases and have arrested many people for violations dealing with heroin, cocaine, marijuana, and other dangerous drugs. I have worked with other experienced narcotics investigators and have attended training at the DEA Academy, Quantico, Virginia, on the subjects of identification, use, packaging, distribution and sale of controlled substances including heroin, cocaine, marijuana, and other dangerous drugs. I have interviewed numerous witnesses and suspects who either used or sold controlled substances. As a result of my experience in the investigation of illicit drug activities numerous arrests and convictions have been made.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from numerous discussions with experienced law enforcement officers, including other Special Agents of the DEA and Detectives from the Midland Police Department. Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. Based on the facts cited in the body of this affidavit, I believe that probable cause exists to

1

believe that Luis NAVA, A/K/A Louis NAVA did knowingly and intentionally conspire to possess with the intent to distribute a mixture containing cocaine over 500 grams in violation of 21 U.S.C. 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. 924(c), and Cecily JUAREZ did knowingly and intentionally conspire to possess with the intent to distribute a mixture containing cocaine over 500 grams in violation of 21 U.S.C. 846.

3. The DEA Lubbock Resident Office and the DEA Midland Resident Office have been investigating the cocaine distribution activities of Jose NAVA and Luis NAVA, A/K/A Louis NAVA. This investigation has determined that Jose NAVA and Luis NAVA are members of the Latin Kings Street Gang in Big Spring and Midland, Texas, areas. Investigating agents have received information from several confidential sources of information as well as cooperating defendants that Jose NAVA and Luis NAVA are involved the distribution of cocaine in the Western and Northern Districts of Texas.

4. On December 10, 2008, investigating agents from the DEA Lubbock Resident Office received information from a source of information that had shown to be reliable in the past that Jose NAVA would soon be traveling to the south Texas area to purchase cocaine. The information indicated that Jose NAVA would be stopping to obtain money from several people before going to south Texas to obtain the cocaine. Investigating agents established surveillance on Jose NAVA and observed Jose NAVA, his wife Maria NAVA, and another brother Steven NAVA traveling in a white Ford Mustang leave Lubbock, Texas, and travel to Big Spring, Texas. Investigating agents observed Jose NAVA stop at two residences and then continue to Midland, Texas. At approximately 1:30 am, on December 11, 2008, investigating agents from the Midland Resident Office observed the white Ford Mustang travel to the Bradford Apartments at 4715 West Wadley in Midland, Texas. Investigating Agents observed Jose NAVA, Maria NAVA, and Steven NAVA exit the white Ford Mustang carrying a suitcase and enter apartment number 1505. Several hours later investigating agents observed Jose NAVA, Maria NAVA, and Steven NAVA exit apartment 1505 and depart in

the white Ford mustang. Agents continued surveillance on the vehicle and the vehicle was surveilled to San Antonio, Texas.

5. Midland Police Detective Robbie Mobley inquired with the management of the Bradford Apartments and learned that Luis NAVA and his spouse Cecily JUAREZ were the two residents noted on the lease for the apartment.

6. On December 13, 2008, investigating agents from the DEA Lubbock Resident Office continued surveillance on the white Ford mustang as it departed San Antonio and began driving west on Interstate 10 and eventually north through San Angelo, Texas. The white mustang traveled in tandem with a Jeep Cherokee. Surveillance was conducted on the vehicles as they traveled on along Highway 87 just south of Sterling City, Texas. At the request of the investigating agents the white Ford Mustang and the Jeep Cherokee were stopped by Texas Department of Public Safety Troopers. During the traffic stops the white Ford Mustang was found to be occupied by Jose NAVA and Maria NAVA. The Jeep Cherokee was occupied by Reynaldo NAVA and Carol NAVA. Reynaldo NAVA is also a brother of Jose NAVA and Luis NAVA. During a search of the Jeep Cherokee investigating agents located a kilogram of cocaine concealed in a suitcase belonging to Reynaldo NAVA. Subsequently Reynaldo NAVA, Maria NAVA, Jose NAVA, and Carol NAVA were arrested.

7. Based on this above information your affiant on December 13, 2008, obtained a federal search warrant for Luis NAVA and Cecily JUAREZ's apartment located at 4715 West Wadley, Apartment 1505 in Midland, Texas. On December 13, 2008, at approximately 8:40 PM, investigating agents executed the search warrant. Investigating agents located Luis NAVA and Cecily JUAREZ inside the apartment.

8. During a search of the apartment, investigating agents located cocaine and marijuana in several areas of the apartment. In the master bedroom closet investigating agents located approximately 200 grams of cocaine along with a 9mm handgun and a .22 caliber rifle. Investigating agents also located approximately 40 grams of cocaine and marijuana in the kitchen area of the apartment. Marijuana was also located on the floor near JUAREZ and her five

year old daughter.

9. Luis NAVA and Cecily JUAREZ where both arrested and transported to the DEA Midland Resident Office. Your affiant and TFO Villarreal interviewed Luis NAVA and informed him of his Miranda Warnings and Luis NAVA agreed to speak with agents. During the interview, Luis NAVA admitted to distributing cocaine and marijuana for several years but stated he primarily sold marijuana. Luis NAVA stated the cocaine found in the master bedroom closet (approximately 200 grams) was left by Jose NAVA when he visited the apartment at approximately 1:00am on December 11, 2008. Luis NAVA added that Jose NAVA occasionally used the apartment to store drugs. Luis NAVA further admitted that he knew his brother Jose NAVA was going to San Antonio, Texas, to acquire cocaine. Luis NAVA also admitted that he and his spouse JUAREZ assisted his brother Jose NAVA by purchasing Inositol[1] that was used to dilute quantities of cocaine. Luis NAVA also stated he and his brother would frequently dilute cocaine with Inositol. Interviewing agents questioned Luis NAVA regarding the firearms located in his residence and Luis NAVA stated he had received both firearms from street purchases and he utilized the firearms for protection because he had been involved in several shooting incidents in Big Spring, Texas.

10. Your affiant and TFO Villarreal interviewed JUAREZ and informed her of her Miranda Warnings and JUAREZ agreed to speak with agents. JUAREZ admitted to purchasing Inositol with the last purchase being on Friday, December 12, 2008. JUAREZ stated that she purchased the Inostiol for her husband Luis NAVA. JUAREZ further stated neither she nor her husband Luis NAVA had any legitimate income and she did not know how her husband Luis NAVA paid for their living expenses.

11. Based on the facts cited in the body of this affidavit, I believe that probable cause exists to believe that Luis NAVA, A/K/A Louis NAVA did knowingly and

---

[1] Inositol is a legally purchased dietary supplement that is frequently used by drug traffickers to dilute or "cut" cocaine. Inositol is commonly added to the cocaine and then soaked in Acetone and allowed to dry. This process increased the overall amount of cocaine to sell and gives the appearance of that the cocaine is "un-cut."

4

intentionally conspire to possess with the intent to distribute a mixture containing cocaine over 500 grams in violation of 21 U.S.C. 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. 924(c), and Cecily JUAREZ did knowingly and intentionally conspire to possess with the intent to distribute a mixture containing cocaine over 500 grams in violation of 21 U.S.C. 846.

_____   12/15/2008

William Kimbell, Special Agent

Drug Enforcement Administration

Sworn to and subscribed to before me this the 15th day of December 2008

_____

L. Stuart Platt              Date

United States Magistrate Judge

5